**456. EMPLOYER AND EMPLOYE.**
Indust. Comm. v. Davison, OS. 6 Abs. 188.

**480. EVIDENCE.**
Hislyvania Coal Co. v. Haskins, OA. 6 Abs. 179.
See 960. Proof. Kazdan v. Stein et, OS. 6 Abs. 191.
See 563. Kushmeder et v. Overton, OA. 6 Abs. 188.

**563. FRAUDULENT CONVEYANCES.**
Kushmeder et v. Overton, OA. 6 Abs. 188.

**625b. INDEMNITY INSURANCE.**
Heller v. Standard Acc. Ins. Co., OS. 6 Abs. 191.

**629. INDICTMENTS.**
See 396. Directed Verdicts. State v. Popovich, OS. 6 Abs. 188.

**661. INTOXICATING LIQUOR.**
St. Clair v. Teeples, OA. 6 Abs. 174.

**677. JUDGMENTS AND DECREES.**
See 57. Aid of Execution. Wild v. Apple, OA. 6 Abs. 182.

**681. JURISDICTION.**
Commonwealth Oil Co. v. Turk et, OS. 6 Abs. 191.

**747. MANDAMUS.**
State ex Hundley v. McCune, CP. 6 Abs. 185.

**753. MEASURE OF DAMAGES.**
Hislyvania Coal Co. v. Haskins, OA. 6 Abs. 179.
Cuyahoga Baking Co. v. Rees, Admr., OA. 6 Abs. 180.

**791. MOTIONS AND ORDERS.**
Meyer et v. Meyer, et. OA. 6 Abs. 178.

**851. NOTICE AND KNOWLEDGE.**
See 396. Directed Verdicts. Trentman v. Cox, OS. 6 Abs. 190.
See 625b. Indemnity Insurance. Heller v. Standard Acc. Ins. Co., OS. 6 Abs. 191.

**829. NEGLIGENCE.**
See 180. Bridges. Marsh v. Athens Co. Bd. Comm., OA. 6 Abs. 181.

**887. PARTIES.**
See 791. Motions and Orders. Meyer et v. Meyer et, OA. 6 Abs. 178.

**891. PARTNERSHIP.**
Wade v. DeHart, et, OA. 6 Abs. 187.

**904. PEDESTRIANS.**
See 396. Directed Verdicts. Trentman v. Cox, OS. 6 Abs. 190.

**923. PLEADINGS.**
St. Clair v. Teeples, OA. 6 Abs. 174.

**928. POLICE POWER.**
See 118. Automobiles. State ex Hundley v. McCune, CP. 6 Abs. 185.

**960. PROOF.**
Kazdan v. Stein et, OS. 6 Abs. 191.

**997. REAL ESTATE.**
See 891. Partnership. Wade v. DeHart, et, OA. 6 Abs. 187.
See 45. Adverse Possession. Wengrow v. Wengrow, OA. 6 Abs. 182.

**1002. RECEIVERS.**
Jebb Realty Service Co. v. McIntosh, OA. 6 Abs. 188.

**1053. ROADS AND HIGHWAYS.**
See 180. Bridges. Marsh v. Athens Co. Bd. Comm., OA. 6 Abs. 181.

**1104. STATUTES.**
See 681. Jurisdiction. Commonwealth Oil Co. v. Turk, OS. 6 Abs. 191.

**1105. STATUTE OF FRAUDS.**
See 891. Partnership. Wade v. DeHart, et, OA. 6 Abs. 187.

**1197. TRUSTS AND TRUSTEES.**
See 891. Partnership. Wade v. DeHart, et, OA. 6 Abs. 187.

(Continued on Page 185)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

MEYER et v. MEYER et.

Ohio Appeals, 6th Dist., Wood Co.

Nos. 417 and 418.  Decided Feb. 6, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**791. MOTIONS AND ORDERS—887. Parties.**
Overruling of motion, requesting additional party defendants, held not final order within meaning of General Code.

Error to Common Pleas.
Petition dismissed.

N. R. Harrington, Bowling Green, for Ivan Meyer et.
E. M. Fries, Bowling Green, for Frank and Edwin Meyer.

### FULL TEXT.
LLOYD, J.

These cases involve identically the same question and require the same judgment. For the purpose of this opinion, therefore, we will consider and discuss the question presented to us in the case wherein Edwin C. Meyer is defendant in error.

In the action in the court of common pleas, from an order entered in which this proceeding in error is prosecuted, a judgment was sought by plaintiff against the defendant upon two promissory notes payable to the order of Henry P. Meyer, one for $225.00, the other for $577.40, each of which was admittedly signed by Edwin C. Meyer and by him only. To the petition of the plaintiff the defendant, Edwin C. Meyer, filed an answer containing four defenses, the purport of which is that Henry P. Meyer was the owner of one-half of the notes and one Clara L. Meyer, not a party to the action, owned the other one-half thereof, each of them having paid to Henry L. Meyer one-half of the consideration therefor.

This answer of the defendant is in the nature of a cross-petition, the prayer thereof in substance being that the notes may be reformed so as to show that the Executors of the estate of Henry P. Meyer are the owners of one-half thereof and that Clara L. Meyer is the owner of the other one-half thereof; that judgment may be entered in favor of plaintiffs for one-half of the amount due on the notes and that upon payment of such judgment the notes shall be delivered to Clara L. Meyer, and that the defendant may be given such further relief and judgments as he may be entitled to in the premises. A demurrer to this answer having been overruled by the court, plaintiffs filed a motion requesting that Clara L. Meyer be made a party defendant because of the claims made by the defendant

in his answer. From the order of the trial court overruling this motion, error proceedings are prosecuted in this court and we have for consideration the question thus presented. After this order was made plaintiffs filed a reply to the answer of the defendant, in effect a general denial of the affirmative claims therein made.

Clara L. Meyer is not a necessary party to the cause of action alleged in the petition of the plaintiffs; if a necessary party for any purpose, it is because of the relief sought by the defendant in his answer. We are of the opinion that the order so made by the trial court is not a final order within the meaning of the provisions of the General Code and that the petition in error of plaintiffs in error must therefore be dismissed.

Although the question is not now before us for consideration or determination, nevertheless, we would suggest that it would seem that the promissory notes in question must be accorded their legal import unless it be first found and determined that they should be reformed so as to read otherwise; and that if such affirmative relief is to be sought, Clara L. Meyer is a necessary party to the adjudication of that claim.

The petition in error is accordingly dismissed and the case remanded for further proceedings according to law.

(Richards and Williams, JJ., concur.)